# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN THE MATTER OF STATE HABEAS CORPUS STAY OR ABEYANCE AS TO PETITIONER JUAN BALDERAS | Case No. 24-MC-17-JPS<br><br>**ORDER** |

On April 1, 2024, would-be Petitioner Juan Balderas ("Balderas")[1] moved this Court for a "stay or abey[ance] to give [him] more time" to file a petition for habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Balderas does not attach a proposed § 2254 petition to his filing; the filing consists of only the one-page motion. *Id.* Balderas appears to argue that he only just learned in February 2024 about the Wisconsin Supreme Court's August 17, 2023 denial of his petition for review. *Id.; see also State v. Balderas*, No. 2021AP1036-CR, 2023 Wisc. LEXIS 432 (Aug. 17, 2023).

The Court will deny Balderas's motion for several reasons. First, Balderas was represented by counsel on his petition for review to the Wisconsin Supreme Court.[2] Balderas thus had the opportunity to communicate with his attorney at any time over the last eight months to

---

[1] Wisconsin offender records indicate that Balderas is currently incarcerated at Racine Correctional Institution. *See* Offender Locator, Wis. Dep't Corr., *available at* https://appsdoc.wi.gov/lop/ (last visited Apr. 2, 2024).

[2] *State v. Balderas*, No. 2021AP001036 (Wis. S.Ct.), *available at* https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2021AP001036&cacheId=0 70E13EE5C1B89F091FFCA9A9AAF3BAC&recordCount=4&offset=3&linkOnlyTo Form=false&sortDirection=DESC (last visited Apr. 2, 2024).

clear up any "confusion" regarding the posting date of the decision. ECF No. 1.

Second, Balderas still has ample time within which to file his § 2254 petition even if he returns to the state courts on a Wis. Stat. § 974.06 motion, as he states that he intends to do. *Id.* A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Balderas's appeal concluded on August 17, 2023 when the Wisconsin Supreme Court declined review. Balderas had 90 days thereafter—until November 15, 2023—within which to petition for certiorari in the United States Supreme Court. Balderas does not appear to have done so, and so he has one year from November 15, 2023 within which to file a § 2254 petition.

If Balderas chooses to return to the state courts on a § 974.06 motion, the time during which that application is pending will be tolled for purposes of Balderas's § 2254 deadline. *See* Brian R. Means, Federal Habeas Manual § 9A:72, 921 (2019 ed.) (citing 28 U.S.C.A. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")). Thus, regardless of whether he pursues § 974.06 relief, Balderas does not need a stay or an extension at this time.

Page 2 of 4
Case 2:24-mc-00017-JPS   Filed 04/03/24   Page 2 of 4   Document 2

However, even if he did, finally and most importantly, the Court is unable to grant the relief that Balderas seeks. Courts have regularly concluded that they have no jurisdiction to grant extensions of time in this circumstance. *See, e.g., Ureno v. Warden,* No. CV-16-09547 DSF (RAO), 2017 U.S. Dist. LEXIS 1809, at *2 (C.D. Cal. Jan. 4, 2017) (denying petitioner's motion for extension of time to file petition for writ of habeas corpus because "[a]s Petitioner has not actually filed a federal habeas petition challenging his conviction and/or sentence, there are no adverse parties before the Court and there is no concrete dispute or this Court to decide"); *Bjorn v. Warden,* No. C-09-0714 JSW (PR), 2009 U.S. Dist. LEXIS 56211, at *3 (N.D. Cal. May 14, 2019) ("This Court has no authority to prospectively enlarge the limitations period and could not grant the requested relief without offending the Constitution's case or controversy requirement."); *Enfinger v. Dep't of Corr. Sec'y*, No. 3:21-cv-126-LC-MJF, 2021 U.S. Dist. LEXIS 37532, at *1–2 (N.D. Fla. Jan. 21, 2021) (recommending that case be dismissed for lack of jurisdiction where the petitioner filed motion for enlargement of time to § 2254 motion); *Evans v. Doe*, No. 19-CV-2768 (CM) 2019 U.S. Dist. LEXIS 65142, at *2–3 (S.D.N.Y. Apr. 12, 2019); *Williams v. Mich. Dep't of Corr.*, No. 22-cv-12923, 2023 U.S. Dist. LEXIS 98327, at *1 (E.D. Mich. June 6, 2023) ("Petitioner's motion for enlargement of time must be denied because he has not yet filed a habeas petition. Petitioner cannot request relief from his filing deadline before he has initiated a habeas case in this Court."). For all these reasons, Balderas's motion is denied, and this action will be dismissed.

Accordingly,

**IT IS ORDERED** that Petitioner Juan Balderas's motion for a stay or abeyance of his time to file a petition for habeas corpus, ECF No. 1, be and the same is hereby **DENIED**; and

**IT IS FURTHERED ORDERED** that this action be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:24-mc-00017-JPS   Filed 04/03/24   Page 4 of 4   Document 2